FILED
 2011 Apr-21  PM 01:04
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KEYWANER NELSON o/b/o S.C.T.,**  )  )  )  Claimant,  )  )  vs.  )  )  **MICHAEL J. ASTRUE,**  )  **Commissioner, Social Security**  )  **Administration,**  )  )  Defendant.  ) | Civil Action No. CV-10-S-1535-S |

**MEMORANDUM OPINION AND ORDER**

Keywaner Nelson commenced this action on June 16, 2010, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge, and denying the claim she asserted on behalf of her son, E.T.O. ("claimant"), for child supplemental security income benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant was ten years old at the time of the administrative decision.[1] Claimant alleged childhood disability due to attention deficit hyperactivity disorder (ADHD).[2] The ALJ found that claimant suffered from the severe impairments of ADHD, a speech disorder, and asthma, but he concluded that claimant did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled one of the listed impairments.[3] Claimant contends that this decision was neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant argues that the ALJ arbitrarily decided that he was not disabled, even though that decision was "contrary to almost all of the medical evidence."[4]

The court does not agree with claimant's argument. To the contrary, the record reflects that the ALJ considered all of the evidence discussed in claimant's brief. Specifically, he considered the medical records from claimant's treating physician, reports from claimant's teachers, and the report of the consultative psychological

---

[1] Tr. 19.
[2] Tr. 97.
[3] Tr. 19.
[4] Doc. no. 7 (claimant's brief), at 10.

2

examiner.[5] He did not give full weight to the assessments performed by claimant's teachers and the psychological examiner because the forms "do not give adequate explanation to support the basis of their opinions and do not adequately account for the time periods when [claimant's] medication is working."[6] He also concluded that the assessments of disabling limitations were inconsistent with claimant's own description of his abilities and daily activities. In summary, the ALJ concluded that "claimant's symptoms and limitations can be controlled with proper medication and strict compliance with a medication regimen."[7]

Based on this analysis, the court finds that the ALJ did not arbitrarily find claimant to be disabled, nor did he substitute his opinion for that of the medical professionals. Instead, he fully and carefully weighed the evidence, and his decision not to fully credit certain medical and other opinions was supported by substantial evidence of record. In summary, the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

---

[5] Tr. 20-23.
[6] Tr. 23-24.
[7] Tr. 24.

DONE this 21st day of April, 2011.

                                                                                  _____
                                                                                  United States District Judge